FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2012 JUN 21 P 4: 45

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

APPLE INC.,

  Counterclaimant,

v.

HTC CORPORATION,

  Counterclaim Defendant

Case No: 1:12 CV 686
AJT/JFA

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Counterclaimant Apple Inc. ("Apple") hereby gives Notice of Removal of their Counterclaims filed in the below-described proceeding currently pending in the United States International Trade Commission ("ITC"), pursuant to 19 U.S.C. § 1337(c) and 28 U.S.C. §§ 1332(a), 1391 and 1446(e).

As grounds for removal, Apple states as follows:

1. Apple is a respondent in an investigation pursuant to Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, pending in the United States International Trade Commission ("ITC"), entitled *In the Matter of Certain Electronic Devices With Communication Capabilities, Components Thereof, and Related Software*, Inv. No. 337-TA-808 ("the 808 Investigation"). The 808 Investigation was filed by HTC in retaliation against Apple for a case Apple brought to redress HTC's infringement of Apple's patented technology. Apple first brought suit against HTC in the International Trade Commission in March 2010. *See In re Personal Data and Mobile Communications Devices and Related Software*, Inv. 337-TA-710 ("the 710 Investigation"). In July 2011, the Administrative Law Judge issued a final initial determination

finding a violation of section 337 concluding that HTC's mobile devices infringed an Apple patent. In December 2011, the Commission issued a final determination affirming the finding of infringement by HTC and violation of section 337. The Commission also issued an exclusion order precluding HTC from importing into the United States its infringing mobile devices.

2. HTC launched the 808 Investigation in an attempt to extort Apple into licensing HTC's products under threat of exclusion of Apple's popular products including Apple's iPhone, iPad, and iPod mobile devices. HTC's lawsuit was not based on patented technology that HTC itself invented but rather HTC based its lawsuit on a slew of patents that HTC had acquired (except one of the eight patents) from two other entities shortly before filing the complaint in the 808 Investigation. HTC's claims under five of those patents have now been terminated for lack of standing.

3. Two of the remaining patents – the '219 and '944 patents – were acquired from ADC Telecommunications, Inc., an entity formerly based in Minneapolis, Minnesota (hereinafter "the ADC patents"). HTC has asserted that those patents are infringed based on Apple's implementation in its products of industry standards for compatibility with LTE wireless networks. Specifically, on May 25, 2012, HTC served responses to Apple's contentions interrogatories, and for the first time specifically accused Apple of infringing the ADC patents based solely on the fact that Apple devices contain baseband chips that implement the LTE standard.

4. In light of the purported essentiality of the '219 and '944 patents, those patents should have been disclosed by HTC and ADC to the relevant standards setting organizations ("SSOs"), and commitments to license on fair, reasonable and nondiscriminatory terms ("FRAND") should have been made for their purported inclusion in standards and in evolving

standards under development. Neither HTC nor ADC has ever disclosed the existence of these patents to the relevant SSOs. Further, neither ADC nor HTC has made any commitment to the SSOs with respect to the ADC patents to license such patents under FRAND terms. ADC and HTC have deprived the SSOs of their ability to develop different product specifications as standards for LTE products that would not be essential to the practice of the patents in the manner asserted by HTC. Instead, HTC and ADC have conspired to conceal from the SSOs the existence of the ADC patents and have purposefully evaded any obligations to license under FRAND terms, a course of conduct HTC continues even as it participates in work on evolution of these same standards. The object of this conspiracy and of HTC's conduct was to use the patents to sue Apple in the United States International Trade Commission, which is empowered to issue exclusion orders to stop Apple products from entering the United States.

5. In light of ADC and HTC's conduct, on June 21, 2012, Apple filed a Counterclaim in the ITC Proceeding against HTC Corporation ("HTC") pursuant to 19 U.S.C. § 1337(c) and 19 C.F.R. § 210.14(e). Apple asserts the following counterclaims against HTC:

* Breach of Contract Based on Standards-Related Misconduct;
* Fraud and Conspiracy to Commit Fraud;
* Promissory Estoppel;
* Conspiracy Under § 1 of the Sherman Act;
* Violation of § 2 of the Sherman Act;
* Violation of 15 U.S.C. § 8; and
* Violation of Virginia Antitrust Law.

6. Pursuant to 19 C.F.R. § 210.14(e), an ITC respondent who files a counterclaim in the ITC "shall immediately file a notice of removal with a United States district court in which venue for any of the counterclaims raised by the respondent would exist under 28 U.S.C. 1391."

7. Venue in this District is proper under 19 U.S.C. § 1337(c), the Clayton Act, 15 U.S.C. § 22, and under 28 U.S.C. §§ 1391(b) and 1391(c). Further, the unfair and unlawful conduct of HTC and its co-conspirator ADC with respect to the anticompetitive and wrongful acts at issue has had harmful effects in this District. Moreover, HTC is a corporation and may be found and transacts business in this District, as shown by the facts its products are distributed, marketed and sold here; it is registered to do business in Virginia; and it has a registered agent in Virginia – National Registered Agents Inc., located at 526 King St. Ste. 423, Alexandria, Virginia 22314.

8. This Court would also have had original jurisdiction over Apple's counterclaims pursuant to 19 U.S.C. § 1337(c), the Federal Patent Act, 28 U.S.C. §1338, pursuant to its jurisdiction over disputes arising under federal statutes, 28 U.S.C. § 1331, and also the jurisdiction of the federal courts over antitrust claims under sections 4 and 9 of the Sherman Act, 15 U.S.C. §§ 4 & 9, and section 15 of the Clayton Act, 15 U.S.C. § 15. This Court has supplemental jurisdiction over Apple's state law claims against HTC under 28 U.S.C. § 1367. Further, this Court may exercise diversity of citizenship jurisdiction over Apple's state law claims against HTC since Apple is a citizen of a state and HTC is a citizen of a foreign country and the value of the relief sought including injunctive relief is more than $75,000. 28 U.S.C. § 1332.

9.  This Notice of Removal is timely because it was filed the same day as the filing of the Counterclaim in the ITC, and the Counterclaim was filed more than ten days before the commencement of the evidentiary hearing in the ITC investigation.

10. Pursuant to 28 U.S.C. § 1446(e), "the district court shall resolve such counterclaim in the same manner as an original complaint under the Federal Rules of Civil Procedure, except that the payment of a filing fee shall not be required . . . ."

WHEREFORE, this action should proceed in the United States District Court of the Eastern District of Virginia, as an action properly removed thereto.

Respectfully submitted,

FISH & RICHARDSON P.C.

Dated: June 21, 2012

By: *[signature]*
Michael J. McKeon (VA Bar No. 44341)
Ahmed J. Davis (VA Bar No. 43982)
Steven A. Bowers
Cherylyn Esoy Mizzo
FISH & RICHARDSON P.C.
1425 K Street, N.W., Suite 1100
Washington, D.C. 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

David J. Healey
FISH & RICHARDSON P.C.
1 Houston Center
1221 McKinney Street
Suite 2800
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

*Counsel for Counterclaimant Apple Inc.*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served June 21, 2012, via courier upon all counsel designated to receive such notices, as identified below:

Thomas L. Jarvis, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
901 New York Ave., N.W.
Washington, DC 20001

_____
Ahmed J. Davis