**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **APPLE INC.** | |
| **Counterclaimant,** | |
| **v.** | Civil Action No. 1:12-cv-686-AJT/JFA |
| **HTC CORPORATION** | |
| **Counterclaim Defendant** | |

**APPLE INC.'S NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO SEAL DOCUMENT**

Counterclaimant Apple Inc. ("Apple") respectfully submits this non-confidential

memorandum in support of its motion to file a document under seal pursuant to Local Rule 5.

Specifically, Apple requests that Apple's Opposition to Counterclaim Defendant HTC's Motion

to Dismiss, as well as certain exhibits thereto, be filed under seal.

The Fourth Circuit has established certain steps a district court must take before it may

seal any court document. A district court order sealing documents will only be valid if the

district court: (1) provides public notice of the request to seal and allows interested parties a

reasonable opportunity to object; (2) considers less drastic alternatives to sealing the documents;

and (3) provides specific reasons and factual findings supporting its decision to seal the

documents and for rejecting the alternatives. *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302

(4th Cir. 2000). The Fourth Circuit has also recognized that the public may be denied access to

judicial records if they contain "business information that might harm a litigant's competitive

standing." *Woven Elecs. Corp. v. Advance Group, Inc.*, 1991 U.S. App. LEXIS 6004, at \*17 (4th

Cir. Apr. 15, 1991).

Apple's motion should be granted.  It has filed contemporaneously herewith a notice of

their motion to be docketed by the Clerk, which will provide the public with an opportunity to

bring objections, if any, to sealing the documents that are the subject of this motion.  *Second*,

Apple has filed a redacted version of the opposition to the motion, and there are no less drastic

alternatives for Apple to request than to seal the remaining portions of the brief and the

corresponding exhibits because they likely contain sensitive and confidential business

information ("CBI") belonging to HTC.  In particular, with respect to the Memorandum in

Opposition, Apple states as follows:

 1. The proposed redaction at **pages 4-5** contains HTC confidential information and

should be filed under seal because it discusses details and subject matter related to HTC's

negotiations with ADC Telecommunications, Inc. regarding acquisition of the U.S. Patent

Nos. 7,672,219 and 7,417,944 ("the Asserted Patents").  HTC and ADC have entered into

a Non-Disclosure Agreement ("NDA") in which HTC has pledged to protect from

disclosure any communications, discussions, or documents relating to negotiations of the

purchase of the ADC patent portfolio, which includes the Asserted Patents.

 2. The proposed redaction at **page 11** contains HTC confidential information and

should be filed under seal because it relates to obligations between and among HTC and

ADC Telecommunications, Inc. regarding acquisition of the Asserted Patents.  Under the

terms of the HTC-ADC NDA, HTC represents that it has pledged to protect from

disclosure any communications, discussions, or documents relating to negotiations of the

purchase of the ADC patent portfolio, which includes the Asserted Patents.

 3. The proposed redaction at **page 12** contains HTC confidential information and

should be filed under seal because it discusses details and subject matter related to HTC's

negotiations with ADC Telecommunications, Inc. regarding acquisition of the U.S. Patent

Nos. 7,672,219 and 7,417,944 ("the Asserted Patents").  HTC and ADC have entered into a Non-Disclosure Agreement ("NDA") in which HTC has pledged to protect from disclosure any communications, discussions, or documents relating to negotiations of the purchase of the ADC patent portfolio, which includes the Asserted Patents.

4.      The proposed redaction at **page 14** contains HTC confidential information and should be filed under seal because it discusses details and subject matter related to HTC's negotiations with ADC Telecommunications, Inc. regarding acquisition of the U.S. Patent Nos. 7,672,219 and 7,417,944 ("the Asserted Patents").  HTC and ADC have entered into a Non-Disclosure Agreement ("NDA") in which HTC has pledged to protect from disclosure any communications, discussions, or documents relating to negotiations of the purchase of the ADC patent portfolio, which includes the Asserted Patents.

5.      The proposed redaction at **page 16-17** contains HTC confidential information and should be filed under seal because it relates to obligations between and among HTC and ADC Telecommunications, Inc. regarding acquisition of the Asserted Patents.  Under the terms of the HTC-ADC NDA, HTC represents that it has pledged to protect from disclosure any communications, discussions, or documents relating to negotiations of the purchase of the ADC patent portfolio, which includes the Asserted Patents.

6.      The proposed redaction at **page 20** contains HTC confidential information and should be filed under seal because it discusses details and subject matter related to HTC's negotiations with ADC Telecommunications, Inc. regarding acquisition of the U.S. Patent Nos. 7,672,219 and 7,417,944 ("the Asserted Patents").  HTC and ADC have entered into a Non-Disclosure Agreement ("NDA") in which HTC has pledged to protect from disclosure any communications, discussions, or documents relating to negotiations of the purchase of the ADC patent portfolio, which includes the Asserted Patents.

Apple attached certain exhibits to its opposition and, based primarily on representations made by HTC, believes that those exhibits should be sealed for the following reasons:

1.      **Exhibit 1** contains HTC confidential information and should be filed under seal because it discusses details and subject matter related to HTC's negotiations with ADC Telecommunications, Inc. regarding acquisition of the U.S. Patent Nos. 7,672,219 and 7,417,944 ("the Asserted Patents").  HTC and ADC have entered into a Non-Disclosure Agreement ("NDA") in which HTC has pledged to protect from disclosure any communications, discussions, or documents relating to negotiations of the purchase of the ADC patent portfolio, which includes the Asserted Patents.

2.      **Exhibit 2** contains HTC confidential information and should be filed under seal because it discusses details, certain valuations, and subject matter related to HTC's negotiations with ADC Telecommunications, Inc. regarding acquisition of the Asserted Patents.  Under the terms of the HTC-ADC NDA, HTC represents that it has pledged to protect from disclosure any communications, discussions, or documents relating to negotiations of the purchase of the ADC patent portfolio, which includes the Asserted Patents.

3.      **Exhibit 3** contains HTC confidential information and should be filed under seal because it discusses details, certain valuations, and subject matter related to HTC's negotiations with ADC Telecommunications, Inc. regarding acquisition of the Asserted Patents.  Under the terms of the HTC-ADC NDA, HTC represents that it has pledged to protect from disclosure any communications, discussions, or documents relating to negotiations of the purchase of the ADC patent portfolio, which includes the Asserted Patents.

4.      **Exhibit 4** contains HTC confidential information and should be filed under seal because it describes internal HTC discussions, beliefs, and strategies relating to the Asserted Patents and thus discloses confidential HTC business methods and information, the release of which would harm HTC's competitive standing in future negotiations and transactions.

5.      **Exhibit 5** contains HTC confidential information and should be filed under seal because it describes internal HTC discussions, beliefs, and strategies relating to the Asserted Patents and thus discloses confidential HTC business methods and information, the release of which would harm HTC's competitive standing in future negotiations and transactions.

6.      **Exhibit 7** contains HTC confidential information and should be filed under seal because it discusses details, certain valuations, and subject matter related to HTC's negotiations with ADC Telecommunications, Inc. regarding acquisition of the Asserted Patents.  Under the terms of the HTC-ADC NDA, HTC represents that it has pledged to protect from disclosure any communications, discussions, or documents relating to negotiations of the purchase of the ADC patent portfolio, which includes the Asserted Patents.  Further, under the terms of the HTC-ADC NDA, HTC represents that it is obliged to maintain the confidentiality of ADC's confidential information.  Finally, this exhibit describes internal HTC beliefs and strategies relating to the Asserted Patents and thus discloses confidential HTC business methods and information, the release of which would harm HTC's competitive standing in future negotiations and transactions.

The confidential nature of the information sought to be protected likely outweighs the public's right of access to judicial documents.  The information sought to be protected relates to HTC's business, and was designated by HTC as confidential business information.  To the extent

that the Court requires further explanation of the confidential bases of the information sought to

be sealed, it is HTC rather than Apple that is best positioned to articulate that information.

Accordingly, Apple has designated this information confidential to afford HTC the opportunity

to make such a determination.  In the event that the HTC information sought to be sealed is not

considered CBI and will not cause HTC competitive harm, Apple will timely withdraw the

motion and re-file the publicly.

      For the foregoing reasons, Apple requests that the Court grant its motion and enter the

Proposed Order providing for the sealing of the documents identified above.

Respectfully submitted,

**FISH & RICHARDSON P.C.**

Dated:  August 8, 2012                By:    */s/ Ahmed J. Davis*
                                    Michael J. McKeon (VA Bar No. 44341)
                                    Ahmed J. Davis (VA Bar No. 43982)
                                    Steven A. Bowers (admitted *pro hac vice*)
                                    Cherylyn Esoy Mizzo (admitted *pro hac vice*)
                                    Kevin C. Wheeler (admitted *pro hac vice*)
                                    FISH & RICHARDSON P.C.
                                    1425 K Street, N.W., Suite 1100
                                    Washington, D.C.  20005
                                    Telephone:  (202) 783-5070
                                    Facsimile:   (202) 783-2331


                                    David J. Healey (admitted *pro hac vice*)
                                    FISH & RICHARDSON P.C.
                                    1 Houston Center
                                    1221 McKinney Street
                                    Suite 2800
                                    Houston, TX 77010
                                    Telephone:  (713) 654-5300
                                    Facsimile:  (713) 652-0109

                                    *Counsel for Counterclaimant*
                                    *Apple Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served August 8, 2012, via the Court's ECF system upon all counsel designated to receive such notices, as identified below:

Elizabeth Diane Ferrill                                   *Counsel for HTC*
Laura P. Masurovsky
Finnegan Henderson Farabow
Garrett & Dunner LLP (DC)
901 New York Ave NW
Washington, DC 20001-4413
202-408-4000
Fax: 202-408-4400
Email: elizabeth.ferrill@finnegan.com
Email: laura.masurovsky@finnegan.com

Creighton James Macy
Wilson Sonsini Goodrich & Rosati PC (DC)
1700 K St NW
Suite 500
Washington, DC 20006-3817
202-973-8800
Fax: 202-973-8899
Email: cmacy@wsgr.com



                                                    */s/ Ahmed J. Davis*
                                                     Ahmed J. Davis